**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Robert Steele,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Fox Broadcasting, et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-02154-CDS-BNW<br><br>**ORDER & REPORT AND RECOMMENDATION** |

Pro se plaintiff Robert Steele moves to proceed *in forma pauperis*. ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. His request to proceed *in forma pauperis* therefore will be granted. The court now screens Steele's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

**A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the complaint**

First, Steele lists several claims under Title 18 of the United States Code. But he does not have a private right of action for violation of criminal statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Therefore, the Court will recommend dismissal of these claims with prejudice.

Steele also asserts a claim under 42 U.S.C. § 5101, a statute authorizing the Secretary of Health and Human Services to "establish an office to be known as the Office on Child Abuse and Neglect" and outlining funding and oversight procedures. But that statute does not create a private right of action. *Nimham-El-Dey v. Childrens Aid Soc'y*, 2022 WL 4109781, *3 (S.D.N.Y. Sept. 8, 2022). Therefore, the Court will recommend dismissal of this claim with prejudice.

Lastly, Steele asserts a claim under 52 U.S.C. § 30101. This is statute provides definitions for the different terms under under 52 USC Ch. 301, which covers federal election campaigns. Thus, there is no claim to be brought under that statute. Therefore, the Court will recommend dismissal of this claim with prejudice.

Steele does not provide any factual allegations against Fox Broadcasting. Without additional factual allegations regarding the underlying dispute, the court cannot evaluate what claims he wishes to raise against Fox Broadcasting. Additionally, he does not include any

statement of the grounds for the court's jurisdiction in this case. Although the Court will recommend dismissal of the current claims, it will allow Steele to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying facts and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Steele still must give each defendant fair notice of Steele's claims against it and of Steele's entitlement to relief.

Additionally, Steele is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Steele's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the Clerk of Court must detach and separately file Steele's complaint (ECF No. 1-1).

IT IS FURTHER RECOMMENDED that the claims under Title 18, 42, and 52 listed in the complaint be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Steele be allowed to file an amended complaint by February 5, 2024, with the understanding that failure to file by this deadline may result in a recommendation that this case be dismissed.

DATED: January 5, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE