UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Robert Steele,

        Plaintiff

v.

Fox Broadcasting,

        Defendant

Case No.: 2:23-cv-02154-CDS-BNW

**Order Adopting Report and Recommendation of the Magistrate Judge**

[ECF No. 6]

    United States Magistrate Judge Brenda Weksler issued a report and recommendation (R&R) on January 5, 2024, wherein she recommends that pro se plaintiff Robert Steele's claims under Title 18 of the United States Code, 42 U.S.C. § 5101 and 52 U.S.C. § 30101 be dismissed with prejudice because (1) Title 18 does not have a private right of action for violation of criminal statutes, (2) 42 U.S.C. § 5101 does not create a private right of action, and (3) no claims can be brought under 52 U.S.C. § 30101. R&R, ECF No. 6. Judge Weksler's R&R also granted Steele's application to proceed *in forma pauperis* and allows Steele to file an amended complaint by February 5, 2024. *Id.* at 3. Under this district's local rules, Steele had fourteen days to file any objections to the R&R. LR IB 3-2(a). Here, the deadline to file any objections to the R&R was January 19, 2024. As of the date of this order, no objections have been filed.

    Although I am not required to review the R&R,[1] I nevertheless reviewed it here and agree with Judge Weksler's conclusions. Steele explicitly mentions eight statutes in his complaint: six statutes under 18 U.S.C., 42 U.S.C. § 5101, and 52 U.S.C. § 30101, and I agree with Judge Weksler that none of these statutes provide a vehicle upon which Steele can bring a claim for relief. Indeed, Steele lacks a private right of action for violation of criminal statutes under

---

[1] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Title 18. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Judge Weksler also correctly determined that 42 U.S.C. § 5101 does not create a private right of action. *Nimham-El-Dey v. Childrens Aid Soc'y*, 2022 WL 4109781, *3 (S.D.N.Y. Sept. 8, 2022). Finally, I agree with Judge Weksler conclusion that 52 U.S.C. § 30101 merely provides definitions for different terms under 52 U.S.C. Ch. 301, which covers federal election campaigns, and therefore does not allow Steele to assert a claim under that statute.

Steele's complaint is presently resoundingly deficient: apart from failing to name an actionable cause of action, it provides no factual allegations against Fox Broadcasting sufficient to alert Fox Broadcasting (or the court) of the nature of the claims stated against it nor states any grounds for the court's jurisdiction in this case. However, the Ninth Circuit has long held that leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *see also Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (holding that courts must liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, I also agree with Judge Weksler that Steele should be given an opportunity to amend. Accordingly, I adopt the R&R in full and dismiss the claims under Title 18, 42, and 52 with prejudice, but grant Steele the opportunity to amend.

**Conclusion**

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's Report and Recommendation **[ECF No. 6] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the claims under Title 18, 42, and 52 listed in the complaint are dismissed with prejudice.

IT IS FURTHER ORDERED that Steele may file an amended complaint by February 5, 2024. Steele is advised that failure to file by this deadline may result in dismissal of his case. If he chooses to file an amended complaint, Steele must write the words "First Amended Complaint" in the caption. Steele is also reminded that the first amended complaint must be complete in itself, meaning it cannot reference the previously filed complaint. The first amended complaint must comply with Federal Rule of Civil Procedure 8 and articulate a sufficient statement of grounds for the court's jurisdiction and contain a short and plain statement describing the underlying facts sufficient to give defendant fair notice of the claims against it upon which Steele seeks relief.

Dated: January 23, 2024

_____
Cristina D. Silva
United States District Judge